FILED
NOV 18 2020
Clerk, U. S. District Court
Eastern District of Tennessee
At Greeneville

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

UNITED STATES OF AMERICA )
) No. 2:20-CR-99
v. ) JUDGE GREER
) FILED UNDER SEAL
ERNESTO VALDES CARDOSO )

## INDICTMENT

The Grand Jury charges:

### COUNTS ONE TO FOUR
(Bank Fraud, 18 U.S.C. §§ 1344(2))

**A. General Background**

1. Eastman Credit Union ("ECU") is a "financial institution" as that term is defined in 18 U.S.C. § 20; that is, ECU is a federally chartered credit union with accounts insured by the National Credit Share Insurance Fund.

2. An "access device" is a device such as a card, plate, code, account number, personal identification number, or other means of account access that can be used, alone or in conjunction with another access device, to obtain money, goods, services, or any other thing of value, or that can be used to initiate a transfer of funds.

3. A "counterfeit access device" is an access device that is counterfeit, fictitious, altered, or forged, or an identifiable component of an access device or a counterfeit access device.

4. An "unauthorized access device" is any access device that is lost, stolen, expired, revoked, canceled, or obtained with intent to defraud.

5. ECU customers and account holders generally receive access devices when they open accounts at financial institutions that take several forms, including unique account numbers and plastic cards containing unique card numbers and magnetic strips that are

1

encoded with customer account information. Among other data, the magnetic strips generally contain the customers' names, account numbers, and other identifying data. These cards permit customers to engage in financial transactions using their accounts, including obtaining United States currency from automatic teller machines and obtaining goods and services through point of sale electronic terminals.

6. ECU customers' names, unique account numbers, and unique card numbers are "means of identification" as that term is defined in 18 U.S.C. § 1028(d)(7).

**B. Charge**

On or about July 28, 2020, at the locations in the Eastern District of Tennessee listed in the table below, ERNESTO VALDES CARDOSO did execute a scheme and artifice to obtain the moneys, funds, credits, assets, securities, and other property owned by and under the control of Eastman Credit Union, by means of materially false and fraudulent pretenses, representations, and promises:

| COUNT | LOCATION | PROPERTY OBTAINED AND ACCESS DEVICE USED |
|---|---|---|
| One | CVS Pharmacy, 5674 Highway 11E, Piney Flats, TN | Merchandise and United States currency using the ECU access device ending in the numbers 6376 and assigned to the ECU customer whose initials are T.S. |
| Two | Roadrunner Market, 2900 N. Roan St., Johnson City, TN | United States currency using the ECU access device ending in the numbers 8984 and issued to the ECU customer whose initials are A.C. |
| Three | CVS Pharmacy, 840 W. Market St., Johnson City, TN | Merchandise and United States currency using the ECU access device ending in the numbers 7057 and assigned to the ECU customer whose initials are T.C. |
| Four | CVS Pharmacy, 1342 Volunteer Parkway Bristol, TN | Merchandise and United States currency using the ECU access device ending in the numbers 6376 and assigned to the ECU customer whose |

|  |  | initials are T.S. |
|---|---|---|

[18 U.S.C. § 1344(2)]

## COUNTS FIVE TO EIGHT
(Aggravated Identity Theft, 18 U.S.C. §§ 1028A(a)(1))

The Grand Jury reincorporates the allegations set forth in Counts One to Four, Section A, above. On or about July 28, 2020, at the locations in the Eastern District of Tennessee listed in the table below, ERNESTO VALDES CARDOSO, during and in relation to the felony violation enumerated in the table below, did knowingly transfer, possess, and use, without lawful authority, the means of identification of another person, that is, the actual person identified in the table below:

| COUNT | LOCATION | FELONY OFFENSE | PERSON AND MEANS OF IDENTIFICATION |
|---|---|---|---|
| Five | CVS Pharmacy, 5674 Highway 11E, Piney Flats, TN | Bank fraud as alleged in Count One, above | An ECU customer whose initials are T.S. and an access device consisting of an ECU card number ending in 6376 |
| Six | Roadrunner Market, 2900 N. Roan St., Johnson City, TN | Bank fraud as alleged in Count Two, above | An ECU customer whose initials are A.C. and an access device consisting of an ECU card number ending in 8984 |
| Seven | CVS Pharmacy, 840 W. Market St., Johnson City, TN | Bank fraud as alleged in Count Three, above | An ECU customer whose initials are T.C. and an access device consisting of an ECU card number ending in 7057 |
| Eight | CVS Pharmacy, 1342 Volunteer Parkway Bristol, TN | Bank fraud as alleged in Count Four, above | An ECU customer whose initials are T.S. and an access device consisting of an ECU card number ending in 6376 |

[18 U.S.C. § 1028A(a)(1)]

## FORFEITURE ALLEGATIONS

The allegations in Counts One through Four of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 982(a)(2)(A) for violations of Title 18, United States Code, Section 1344(2).

Upon conviction of an offense in violation of Title 18, United States Code, Section 1344(2), the defendant, ERNESTO VALDES CARDOSO, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(2)(A), any property constituting, or derived from, proceeds obtained and/or traceable, directly or indirectly, as a result of any such violation, including, but not limited to the following:

> A money judgment in an amount that represents the minimum proceeds the defendant personally obtained as a result of any violation of Title 18, United States Code, Section 1344(2).

If any of the property described above, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1).

A TRUE BILL:

███████████████

GRAND JURY FOREPERSON

J. DOUGLAS OVERBEY
United States Attorney

By: _____
Mac D. Heavener, III
Assistant United States Attorney

5